CV 17-2844
FILED
CLERK
2018 MAY 10 PM 12: 18
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JESSICA JEDLICKA,

                    Plaintiff,

-against-

TWENTY SEVEN RESTAURANT, LLC,

                    Defendant.
----------------------------------------------------------------X

SEYBERT, J.

LOCKE, M.J.

**VERIFIED COMPLAINT**

Jury Trial Demanded
On All Issues
Index No.:

## NATURE OF ACTION

1. Plaintiff alleges that Defendants violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, for failure to pay her overtime premium pay for all hours worked in excess of forty (40) per week, for failure to pay her the applicable minimum wage and that Defendants acted in a manner that was willful and without good faith.

2. Plaintiff further alleges that Defendants failure to pay compensation for all hours worked was made with reckless disregard for Plaintiff's rights and in violation of the New York Labor Law ("NYLL") section 650 *et seq.*, including Part 142, section 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

3. Plaintiff also alleges that Defendants violated the requirements the New York Codes, Rules and Regulations 142-2.4 (hereinafter the "New York Labor Articles") for failing to pay Plaintiff spread of hours compensation.

1

## JURISDICTION AND VENUE

4. This Court's jurisdiction is based upon 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (Federal Question). Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those derive from a common nucleus of operative facts. In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue is appropriate under 28 U.S.C. §1391(b)(2) (Substantial Part of the Events and Contacts), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district. In addition, Defendants regularly conduct business in this district and are subject to personal jurisdiction in this district.

## PARTIES

6. Plaintiff, Jessica Jedlicka (hereinafter "Plaintiff"), is a resident of West Islip, New York. She was employed as a Server and Manager at the Defendants' restaurant Ciao Baby (hereinafter the "Restaurant") from on or about August, 2016 until on or about December 15, 2016.

7. The Defendant, TWENTY SEVEN RESTAURANT, LLC. (hereinafter "Twenty Seven") is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

8. Upon information and belief, Twenty Seven maintains a place of business located at 5074 Sunrise Highway, Massapequa Park, New York 11762.

9. Upon information and belief, Defendant Leonard Olivia ("Olivia"), is an individual residing in the State of New York.

10. At all relevant times Defendant Olivia was and still is a corporate officer of Twenty Seven. Upon information and belief, at all times relevant, Olivia exercised operational control over Twenty Seven, controlled significant business functions of Twenty Seven, determined employee salaries, made hiring decisions, and acted on behalf and in the interest of Twenty Seven in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Olivia has been an employer under the FLSA and New York Wage and Hour law.

## FACTS

11. Plaintiff's primary job duties included scheduling, handling vendors, serving, and preparing tables and menus for customers.

12. During her employment, Plaintiff regularly worked between sixty-five (65) and eighty (80) hours each week.

13. During her employment, Plaintiff typically worked seven (7) days a week.

14. During his employment, Plaintiff occasionally had zero (0) days off per week.

15. Plaintiff was paid by the hour during her employment.

16. In addition, Plaintiff received gratuities each week.

17. Plaintiff was always paid by check each week.

18. While Plaintiff regularly worked between sixty-five (65) and eighty (80) hours per week, she was only compensated for working twenty (20) hours each week. Thus, Plaintiff was not paid for every hour that she worked.

19. During her entire course of employment, Plaintiff was compensated at a rate of $7.50 per hour.

20. Because Plaintiff was not compensated for all hours she worked in a work week, Plaintiff has not been paid at the statutory minimum wage.

21. Plaintiff was paid straight time for each hour that she worked each week, up to twenty (20) hours.

22. Plaintiff was never paid one and a half times her regular rate of pay when she worked more than forty (40) hours each week.

23. Plaintiff was not compensated for all hours worked in excess of forty (40) each week.

24. Plaintiff was not compensated for all hours she worked each week.

25. During the course of her employment, Plaintiff regularly worked shifts in excess of ten (10) hours a day.

26. Plaintiff has never been paid spread of hours compensation.

27. Defendants managed Plaintiff's employment, including the amount of overtime worked.

28. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

29. During her employment, Plaintiff would record her time by clocking in and out on a computer, which was shared with by another server. Defendants did not allow for a time report to be printed after each server checked in or out. At the end of the workweek the General Manager would submit the hours.

30. Upon information and belief, the Defendants have accurate time records of the hours that the Plaintiff worked each day and each week during her employment.

31. Plaintiff was not exempt from the overtime provisions of the FLSA or any applicable state laws.

32. Defendants were aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which she was entitled for this work time under the law.

33. Defendants' failure to pay proper wages in a timely manner were made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. 201 ET SEQ.**
**FAILURE TO COMPENSATE OVERTIME**

34. Plaintiff reasserts and realleges the allegations set forth in paragraphs 1 through 33 as though fully set forth herein.

35. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

36. At all times relevant to this Complaint, the corporate Defendant has been and continues to be an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

37. At all times relevant to this Complaint, the corporate Defendant has "employed" Plaintiff, suffering or permitting her to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

38. At all times relevant to this Complaint, corporate Defendants were an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 203(s)).

39. Upon information and belief, the gross annual volume of sales made or business done by the corporate Defendant for the year 2016 was not less than $500,000.00.

40. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

41. Section § 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

42. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

43. Defendants' failures to pay required overtime wages to Plaintiff for such work violates the FLSA (29 U.S.C. § 207).

44. Defendants' repeated and intentional failures to provide required compensation for all hours worked by Plaintiff were not made in good faith within the meaning of the FLSA (29 U.S.C. § 260).

45. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FLSA MINIMUM WAGECLAIM

46. Plaintiff reasserts and realleges the allegations set forth in paragraphs 1 through 45 as though fully set forth herein.

47. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. 206(a).

6

48. By failing to pay Plaintiff for all hours worked, Defendants routinely and regularly failed to pay Plaintiff the applicable minimum wage, in violation of 29 U.S.C. 206(a).

49. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

50. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. 216(b).

## COUNT III
### VIOLATION OF THE NEW YORK LABOR ARTICLE 6 AND 19
### FAILURE TO PAY OVERTIME UNDER NEW YORK LABOR LAW

51. Plaintiff reasserts and realleges the allegations set forth in paragraphs 1 through 50 as though fully set forth herein.

52. At all times relevant to this Complaint, Defendants were an "employer" of Plaintiff within the meaning of the NYLL and the regulations pertaining thereto.

53. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the regulations pertaining thereto.

54. At all times relevant to this Complaint, Defendants employed Plaintiff suffering or permitting her to work within the meaning of the NYLL and the regulations pertaining thereto.

55. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR 142-2.2.

56. Defendants failed to pay Plaintiff one and one half times her regular rate for all such work hours in excess of forty (40) hours per workweek, in violation of the NYLL and the regulations pertaining thereto.

7

57. Such failures constituted outrageous conduct, make knowingly and willfully, or with reckless indifference to Plaintiff's rights.

58. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

### COUNT IV
### NEW YORK LABOR LAW SPREAD OF HOURS CLAIM

59. Plaintiff reasserts and realleges the allegations set forth in paragraphs 1 through 52 as though fully set forth herein.

60. Plaintiff regularly worked shifts in excess of ten (10) hours a day during her employment.

61. The defendants never paid spread of hours compensation to Plaintiff as required under Part 142, section 142-2.4 ("Spread of Hours Pay") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

62. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

63. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through her attorneys, the Law Offices of Louis D. Stober, Jr., LLC, respectfully requests that this Court

    a. Declare and find that the Defendants committed one or more of the following acts:

a. Violated provisions of the FLSA by failing to pay overtime compensation and minimum wages to Plaintiff;

   b. Willfully violated overtime provisions and minimum wage requirements of the FLSA;

   c. Violated the provisions of the NYLL by failing to pay overtime compensation and minimum wages to Plaintiff;

   d. Willfully violated the overtime and minimum wage requirements of the NYLL

b. Award compensatory damages, including overtime compensation owed, in an amount according to proof;

c. Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

d. Award all costs, attorneys' fees incurred in prosecuting this action as well as liquidated damages under the FLSA and NYLL; and

e. Provide such further relief as the Court deems just and equitable.

Dated: Mineola, New York
       April __, 2017

                                        Law Offices of Louis D. Stober, Jr., LLC
                                        By: Louis D. Stober, Jr.
                                        Attorneys for the Plaintiff
                                        98 Front Street
                                        Mineola, New York 11501
                                        (516) 742-6546

## VERIFICATION

State of New York  )
                            ) ss:
County of Nassau  )

JESSICA JEDLICKA, being duly sworn deposes and says:

I am the Plaintiff in the action herein. I have read the Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

                                                           _____
                                                                    JESSICA JEDLICKA

Sworn to before me this
30 day of March, 2017

_____
Notary Public

LOUIS D. STOBER
Notary Public, State of New York
No. 02ST4822083
Qualified in Nassau County
Commission Expires Oct. 31, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JESSICA JEDLICKA,

                           Plaintiff,

-against-

TWENTY SEVEN RESTAURANT, LLC,

                           Defendant.
-------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Jury Trial Demanded
On All Issues
Index No.:

---

**VERIFIED COMPLAINT**

---

**Law Office of
LOUIS D. STOBER, JR., LLC
Attorneys for Plaintiff
98 Front Street
Mineola, New York 11501
(516) 742-6546
(516) 742-8603 fax**